**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JANIIS MATHIS *and* LAWRENCE MICHAELS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-1573 |
| JOHN CARNEY, *Governor of Delaware*; CLAIRE DEMATTEIS, *Delaware Department of Corrections Commissioner*; PERRY PHELPS, *Former Deputy Warden*; DAVID PIERCE, *of James T. Vaughn Correctional Center*; JOHN D. WETZEL, *Pennsylvania Department of Corrections Secretary*; JOHN DOE, *Maryland State Police Officer(s)*; JOHN DOE, *Delaware State Police Officer(s)*; JOHN DOE, *Cert Delaware Department of Corrections Officer*; MICHAEL ZAKEN, *Facility Manager*; STEPHEN BUZAS, *Deputy of Facility Management*; MARK DELLESANDRO, *Deputy of Centralized Services; and* COULEHAN, *Unit Manager of the IMU*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | District Judge W. Scott Hardy Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) ) | |

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court after *pro se* Plaintiffs Janiis Mathis and Lawrence Michaels declined to file objections to the Report and Recommendation (Docket No. 100) ("R&R"), entered by Magistrate Judge Cynthia Reed Eddy on January 19, 2023.  The R&R recommends the *sua sponte* dismissal with prejudice of the claims brought by Plaintiffs in their Amended Complaint (Docket No. 65) against Defendant John Doe Maryland State Police Officer(s) ("John Doe Defendants") because such claims are barred by the applicable statute of limitations and do not state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A, applying the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

1

(Docket No. 100 at 2-6).  Service of the R&R was made on Plaintiffs by mail, and they were informed that any objections to same were due by February 7, 2023.  (*Id.* at 7).  Thereafter, Plaintiffs did not file any objections to the R&R.[1]

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Plaintiffs did not file any objections to the R&R, which explicitly stated that failure to file timely objections "will waive the right to appeal" (Docket No. 100 at 7), we review the magistrate judge's decision for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash,* 700 F.2d 113, 116 (3d Cir. 1983)); *see also* Fed. R. Civ. P. 72(b) advisory committee note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, the Amended Complaint, and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Eddy's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will

---

[1]       The Court notes that the docket in this case erroneously indicates that Plaintiffs filed Objections to this R&R (Docket No. 100) at Docket No. 103.  At the time such Objections were filed, Judge Eddy had issued three R&Rs with regard to three separate groups of Defendants in this action, and Plaintiffs' Objections are not clearly labelled as to which R&R they are responsive.  However, because the text of Plaintiffs' Objections clearly addresses the motion to dismiss filed by Delaware Defendants at Docket No. 66 and Judge Eddy's R&R regarding that motion at Docket No. 96 – and because the Objections' attached Proof of Service certifies that Plaintiff Michaels was forwarding a copy of said document to Delaware Defendants who had filed the motion at Docket No. 66 (Docket No. 103 at 6) – the Court construes Plaintiffs' Objections as responsive to the R&R regarding Delaware Defendants' motion at Docket No. 96, and **not** as responsive to this R&R at Docket No. 100.

dismiss the claims against John Doe Defendants for failure to state a claim and because they are time-barred.

In so ruling, the Court agrees with Judge Eddy's determination that the constitutional tort claims brought against John Doe Defendants pursuant to Section 1983 are subject to a two-year statute of limitations. (Docket No. 100 at 5 (citing *Lake v. Arnold*, 232 F.3d 360, 366 (3d Cir. 2000) (setting forth the applicable two-year statute of limitations in Pennsylvania); *St. Louis v. Haller*, 215 F. Supp. 3d 307, 312 (D. Del. 2016) (setting forth the applicable two-year statute of limitations in Delaware)). As Judge Eddy correctly observed in the R&R: the only allegations in the Amended Complaint related to John Doe Defendants are made in connection with their response to the prison riot and treatment of Plaintiffs that occurred between February 2, 2017 and February 4, 2017; any relevant constitutional claim accrued by February 4, 2017; Plaintiffs had to bring any Section 1983 claims within two years, or by February 4, 2019; Plaintiffs did not file the present action until November 3, 2021, nor have they alleged any applicable tolling principles. (Docket No. 100 at 6). For these reasons, and in accordance with 28 U.S.C. § 1915(e) and § 1915A, Plaintiffs' claims against John Doe Defendants will be dismissed for failure to state a claim and because they are barred by the applicable statute of limitations. Furthermore, the claims will be dismissed with prejudice as amendment would be futile. *See Grayson v. Mayview State. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of March, 2023,

IT IS HEREBY ORDERED that the R&R (Docket No. 100) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that, as the claims brought by Plaintiffs in their Amended Complaint (Docket No. 65) against John Doe Maryland State Police Officer(s) do not state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and are barred by the statute of limitations, such claims are hereby DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e) and § 1915A for failure to state a claim upon which relief can be granted.

_/s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:     All counsel of record
            Janiis Mathis (via U.S. Mail)
            Lawrence Michaels (via U.S. Mail)