IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIIS MATHIS *and* LAWRENCE MICHAELS, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN CARNEY, *Governor of Delaware*; CLAIRE DEMATTEIS, *Delaware Department of Corrections Commissioner*; PERRY PHELPS, *Former Deputy Warden*; DAVID PIERCE, *of James T. Vaughn Correctional Center*; JOHN D. WETZEL, *Pennsylvania Department of Corrections Secretary*; JOHN DOE, *Maryland State Police Officer(s)*; JOHN DOE, *Delaware State Police Officer(s)*; JOHN DOE, *Cert Delaware Department of Corrections Officer*; MICHAEL ZAKEN, *Facility Manager*; STEPHEN BUZAS, *Deputy of Facility Management*; MARK DELLESANDRO, *Deputy of Centralized Services; and* COULEHAN, *Unit Manager of the IMU*, <br><br> Defendants. | Civil Action No. 21-1573 <br><br> District Judge W. Scott Hardy <br> Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

This matter comes before the Court after *pro se* Plaintiffs Janiis Mathis and Lawrence Michaels declined to file objections to the Report and Recommendation (Docket No. 99) ("R&R"), entered by Magistrate Judge Cynthia Reed Eddy on January 12, 2023. The R&R recommends that the Court grant the partial motion to dismiss Plaintiffs' Amended Complaint filed by Defendants John Wetzel, former Secretary of the Department of Corrections, and four corrections officials at the Pennsylvania Department of Corrections State Correctional Institution at Greene, Stephen Buzas, Daniel Coulehan, Mark Delasandros, and Michael Zaken (collectively, "Pennsylvania Defendants") (Docket No. 69) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

1

for failure to state a claim upon which relief can be granted. (Docket No. 99 at 2, 7-9). The R&R further recommends that certain claims in the Amended Complaint against Pennsylvania Defendants remain. (*Id.* at 8-9). Service of the R&R was made on Plaintiffs by mail, and they were informed that any objections to same were due by February 1, 2023. (*Id.* at 9). Pennsylvania Defendants were served via CM/ECF and were informed that any objections to the R&R were due by January 26, 2023. (*Id.*). Thereafter, none of the parties filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because neither Plaintiffs nor Pennsylvania Defendants filed any objections to the R&R, which explicitly stated that failure to file timely objections "will waive the right to appeal" (Docket No. 99 at 9), we review the magistrate judge's decision for plain error. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash,* 700 F.2d 113, 116 (3d Cir. 1983)); *see also* Fed. R. Civ. P. 72(b) advisory committee note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, the Amended Complaint, Pennsylvania Defendants' partial motion to dismiss and the parties' briefs filed in support and in opposition, as well as the entire record, the Court, finding no plain error on the face of the record, will accept Judge Eddy's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and, in accordance with the R&R, will dismiss certain claims against Pennsylvania Defendants for

failure to state a claim pursuant to Rule 12(b)(6), while certain claims against Pennsylvania Defendants will remain.

In so ruling, the Court agrees with Judge Eddy's recommendation that Plaintiffs' Ninth Amendment claim be dismissed as the Ninth Amendment does not confer a private right of action. (Docket No. 99 at 7 (citing *Clayworth v. Luzerne Cnty., Pa.*, 513 F. App'x 134, 137 (3d Cir. 2013))). The Court also agrees with Judge Eddy's recommendation that Plaintiffs' Fourteenth Amendment substantive due process claim be dismissed as it is actually subsumed by Plaintiffs' other claims. (*Id.*). More specifically, as to Plaintiffs' claim that they have not been afforded adequate due process regarding their confinement in the Restricted Housing Unit ("RHU") and placement on the Restricted Release List, the Court agrees that such claims are properly anchored in the Fourteenth Amendment's procedural due process clause. (*Id.* at 7-8 (citing *Huertas v. Sec'y Pa. Dep't of Corrections*, 533 F. App'x 64, 66 (3d Cir. 2013))). As to Plaintiffs' claim regarding their conditions of confinement in the RHU, the Court agrees that such claims are properly anchored in the Eighth Amendment's proscription against cruel and unusual punishment. (*Id.* at 8 (citing *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 261 (3d Cir. 2010))).

For these reasons, Pennsylvania Defendants' partial motion to dismiss will be granted and Plaintiffs' claims in the Amended Complaint against Pennsylvania Defendants under the Ninth Amendment and the Fourteenth Amendment substantive due process clause will be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Such claims will be dismissed with prejudice as amendment would be futile. *See Grayson v. Mayview State. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, Plaintiffs' claims against Pennsylvania Defendants in the Amended Complaint shall remain to the extent Plaintiffs allege that they remained in the RHU without notice or review in violation of the Fourteenth Amendment

procedural due process clause, and to the extent Plaintiffs allege cruel and unusual punishment under the Eighth Amendment for being placed and remaining in the RHU.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of March, 2023,

IT IS HEREBY ORDERED that the R&R (Docket No. 99) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that:

1. The partial motion to dismiss filed by Pennsylvania Defendants (Docket No. 69) is GRANTED, and Plaintiffs' claims in the Amended Complaint (Docket No. 65) against Pennsylvania Defendants alleging violations of Plaintiffs' rights under the Ninth Amendment and the Fourteenth Amendment substantive due process clause are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

2. Plaintiffs' claim in the Amended Complaint against Pennsylvania Defendants alleging the violation of Plaintiffs' rights under the Fourteenth Amendment's procedural due process clause, based on Plaintiffs remaining in the RHU without notice or review, shall remain.

3. Plaintiffs' claim in the Amended Complaint against Pennsylvania Defendants alleging cruel and unusual punishment in violation of the Eighth Amendment, based on Plaintiffs being placed and remaining in the RHU, shall remain.

4. As Plaintiffs have been granted leave, by separate Order of Court, to file a Second Amended Complaint[1] in this matter by **April 10, 2023**, Pennsylvania Defendants shall file their response thereto by **May 10, 2023**.

5. If Plaintiffs do not file a Second Amended Complaint by **April 10, 2023**, then Pennsylvania Defendants shall file their Answer to the claims remaining against them in the Amended Complaint (under the Eight Amendment and the Fourteenth Amendment procedural due process clause) by **May 10, 2023**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record
          Janiis Mathis (via U.S. Mail)
          Lawrence Michaels (via U.S. Mail)

---

[1] If Plaintiffs wish to reassert claims against Pennsylvania Defendants in a Second Amended Complaint, they may only reassert their claims against Pennsylvania Defendants under the Eighth Amendment and the Fourteenth Amendment procedural due process clause, as Plaintiffs' other claims against Pennsylvania Defendants are being dismissed with prejudice.