**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JANIIS MATHIS *and* LAWRENCE MICHAELS, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No. 21-1573 |
| v. | ) ) | |
| | ) | District Judge W. Scott Hardy |
| JOHN CARNEY, *Governor of Delaware*; CLAIRE DEMATTEIS, *Delaware Department of Corrections Commissioner*; PERRY PHELPS, *Former Deputy Warden*; DAVID PIERCE, *of James T. Vaughn Correctional Center*; JOHN D. WETZEL, *Pennsylvania Department of Corrections Secretary*; JOHN DOE, *Maryland State Police Officer(s)*; JOHN DOE, *Delaware State Police Officer(s)*; JOHN DOE, *Cert Delaware Department of Corrections Officer*; MICHAEL ZAKEN, *Facility Manager*; STEPHEN BUZAS, *Deputy of Facility Management*; MARK DELLESANDRO, *Deputy of Centralized Services*; *and* COULEHAN, *Unit Manager of the IMU*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Cynthia Reed Eddy |
| Defendants. | | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court upon the Objections (Docket No. 103) filed by *pro se* Plaintiffs Janiis Mathis and Lawrence Michaels to the Report and Recommendation (Docket No. 96) ("R&R"), entered by Magistrate Judge Cynthia Reed Eddy on January 6, 2023.  The R&R recommends that the Court grant the Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 66) filed by Defendants John Carney (Governor of Delaware), Clair DeMatteis (9th Commissioner of Delaware Department of Corrections), John/Jane Doe (Delaware State Police), John/Jane Doe (Delaware Department of Correction Officer Cert Team), Perry Phelps (8th Commissioner of Delaware Department of Correction), and David Pierce (former Warden of

James T. Vaughn Correctional Center) (collectively, "Delaware Defendants"). The motion requests that all of Plaintiffs' claims against Delaware Defendants be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Docket No. 96 at 2). The R&R recommends that Plaintiffs' claims against Delaware Defendants be dismissed as untimely or, alternatively, for lack of personal jurisdiction over certain Delaware Defendants. (*Id.* at 2, 7, 13-14). Service of the R&R was made on Plaintiffs by mail, and they were informed that any objections to same were due by January 25, 2023. (*Id.* at 14). Delaware Defendants were served via CM/ECF, and they were informed that any objections to the R&R were due by January 20, 2023. (*Id.*). Thereafter, Plaintiffs belatedly filed Objections to the R&R on January 31, 2023 (Docket No. 103), and Delaware Defendants filed a response to Plaintiffs' Objections on February 10, 2023 (Docket No. 104).[1]

Plaintiffs object to the recommendation that the Court dismiss the claims against Delaware Defendants in their Amended Complaint (Docket No. 65), which purports to state claims against Delaware Defendants and other defendants pursuant to 42 U.S.C. § 1983, alleging violations of

---

[1]     The Court is giving Plaintiffs' Objections full consideration despite the fact that they were filed late. (Docket No. 103). However, to be fair, the Court is also considering Delaware Defendants' response to Plaintiffs' late filing. (Docket No. 104).

        The Court also notes that the Objections are signed only by Plaintiff Michaels and not by Plaintiff Mathis, that the text of such document refers sometimes to "Plaintiff" and sometimes to "Plaintiffs," and that Plaintiff Mathis has not filed objections separately. (Docket No. 103). In construing the document in a light most favorable to both Plaintiffs, the Court is considering the Objections to have been filed on behalf of both Plaintiffs.

        Additionally, at the time Plaintiffs' Objections were filed, Judge Eddy had issued three R&Rs with regard to three separate groups of Defendants in this action, and Plaintiffs' Objections are not clearly labelled as responsive to the R&R addressing Delaware Defendants' motion to dismiss. Furthermore, the docket in this action indicates that the Objections are responsive to Docket No. 100, which is Judge Eddy's R&R recommending the *sua sponte* dismissal of claims against a separate group of John Doe defendants in this matter. Nevertheless, because the text of Plaintiffs' Objections clearly addresses Delaware Defendants' motion and Judge Eddy's R&R regarding that motion – and because the Objections' attached Proof of Service certifies that Plaintiff Michaels was forwarding a copy of said document to Delaware Defendants alone (Docket No. 103 at 6) – the Court is construing Plaintiffs' Objections as responsive to the R&R regarding Delaware Defendants' motion at Docket No. 96, and **not** as responsive to the R&R at Docket No. 100.

Plaintiffs' rights under the First, Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.  (Docket No. 103).  All of Plaintiffs' claims stem from a prison riot that occurred at the James T. Vaughn Correctional Center ("JTVCC") in Delaware and the events that occurred in the riot's aftermath, including Plaintiffs' transfer into the Pennsylvania Department of Corrections.  (Docket No. 65).  According to Plaintiffs' Objections to the R&R, the Court should reject the recommendation that the claims against Delaware Defendants be dismissed because, unlike Judge Eddy, the Court should find that it does have personal jurisdiction over Delaware Defendants, and that Plaintiffs' claims against Delaware Defendants are not barred by the statute of limitations.  (Docket No. 103).

In their Objections, Plaintiffs contend that Judge Eddy's conclusion that the Court does not have personal jurisdiction over Delaware Defendants is erroneous since Plaintiffs have alleged that Delaware Defendants had sufficient contacts with Pennsylvania to show specific personal jurisdiction in this matter.  (Docket No. 103 at 3).  Plaintiffs also contend that Judge Eddy's conclusion that their claims are time-barred is erroneous because she should have found that the statute of limitations was tolled here based on Plaintiffs' allegation that Pennsylvania prison officials (Pennsylvania Defendants) interfered with Plaintiffs' mail while Plaintiffs were in the Pennsylvania Department of Corrections, and because after Plaintiffs were transferred to Pennsylvania, Delaware Defendants continued to have contact with Pennsylvania prison officials regarding Plaintiffs' detention.  (*Id.* at 1-3).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  Upon careful *de*

*novo* review of Plaintiffs' Amended Complaint, Delaware Defendants' motion to dismiss the claims against them and the parties' filings supporting and opposing that motion, the R&R, Plaintiff's Objections to the R&R and Delaware Defendants' response to Plaintiffs' Objections, as well as the entire record, the Court concludes that Plaintiffs' Objections do not undermine the R&R's recommended disposition, except that the Court finds it appropriate at this juncture to dismiss Plaintiffs' claims against Delaware Defendants without prejudice to amendment of the Amended Complaint.

In so finding, the Court agrees with Judge Eddy's conclusion that Plaintiffs have not alleged facts in the Amended Complaint to support the Court's general personal jurisdiction over Delaware Defendants.  (Docket No. 96 at 12).  The Court also agrees that it does not have specific personal jurisdiction over John/Jane Doe (Delaware State Police) and John/Jane Doe (Delaware Department of Correction Officer Cert Team) because the only allegations in the Amended Complaint related to such individuals are made in connection with the prison riot and subsequent events in Delaware, while Plaintiffs' allegations in the Amended Complaint do not address activity by Delaware Defendants in or directed at Pennsylvania.  (*Id.* at 12-13).  Similarly, the Court agrees that it does not have specific personal jurisdiction over Defendants Phelps and Pierce because the only allegations  in the Amended Complaint against these individuals relate to Plaintiffs being held in solitary confinement at JTVCC until they were transferred to Pennsylvania, while Plaintiffs' allegations in the Amended Complaint do not address activity by Defendants Phelps and Pierce in or directed at Pennsylvania.  (*Id.* at 13).

As to Defendants Carney and DeMatteis, Judge Eddy declined to decide in her R&R whether specific personal jurisdiction exists as to those individuals because the prisoner transfer agreement upon which Plaintiffs base their allegations of personal subject matter jurisdiction was

not part of the record.  (Docket No. 96 at 13).  In responding to Plaintiffs' Objections to the R&R, Delaware Defendants attached that prisoner transfer agreement and also indicated that such document is independently and publicly available online.[2]  (Docket No. 104 at 7 n.1, 104-1).  Upon review of that prisoner transfer agreement, the Court notes that Defendants Carney and DeMatteis did not sign such document.  (*Id.*).  The Court therefore finds that – even if the Court were to conclude that signing the prisoner transfer agreement is sufficient to establish specific personal jurisdiction over a Defendant here (which the Court does *not* conclude) – such document *without* Defendants Carney and DeMatteis' signatures certainly does *not* establish that this Court has specific personal jurisdiction over them.[3]

Moreover, Plaintiffs argue in their Objections that they have alleged that Delaware Defendants, as a group, have had sufficient contacts with Pennsylvania in order to establish specific personal jurisdiction here, including:  (1) that "Delaware Defendants made contact with the Pennsylvania Defendants and instructed the Pennsylvania Defendants to immediately change

---

[2]      While a court does not generally consider matters outside of the pleadings in ruling on a motion to dismiss, it may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016) (internal citations, quotation marks and emphasis omitted).  Additionally, Federal Rule of Evidence 201 permits the Court, on its own, at any stage of a proceeding, to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, the Court finds the prisoner transfer agreement at issue here to be integral to Plaintiffs' claims because those claims are based in part on the agreement, the accuracy of which the Court finds cannot be reasonably questioned.  Therefore, the Court hereby takes judicial notice of that prisoner transfer agreement.

[3]      The Third Circuit Court of Appeals has condensed the specific jurisdiction analysis, which "focuses on the relationship among the defendant, the forum, and the litigation," into three parts. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotation marks and citations omitted).  "First, the defendant must have 'purposefully directed [its] activities' at the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  Third, "if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476) (additional quotation marks and citations omitted).

The Court notes that, in this instance, even if it were to find that sufficient minimum contacts somehow exist here based on the prisoner transfer agreement, the Court is doubtful that the exercise of jurisdiction over Defendants Carney and DeMatteis in this matter would comport with fair play and substantial justice.

the prison status of the Plaintiffs;" (2) that the "Pennsylvania Defendants altered and changed the Plaintiffs['] status and not for the better, but for the worst;" (3) that "Plaintiffs were removed from the general population without cause or justification and placed into the RHU ([Restricted] Housing Unit);" and (4) that "Delaware Defendants made indirect contact with the Pennsylvania Defendants to keep the Plaintiffs in a non-promotional status." (Docket No. 103 at 3-4). As to the first and fourth contacts listed, the Court notes that, although Plaintiffs now contend that Delaware Defendants took such actions, even if the Court were to find that such actions show sufficient contact with Pennsylvania upon which to base specific personal jurisdiction (which the Court does *not* find), Plaintiffs have not alleged such conduct by Delaware Defendants in their Amended Complaint. As to the second and third contacts listed, the Court notes that such contacts describe actions of Pennsylvania Defendants, not Delaware Defendants, and Pennsylvania Defendants' actions cannot be used to show that the Court has specific personal jurisdiction over Delaware Defendants in this matter.

Thus, the Court agrees with Judge Eddy's recommendation that Plaintiffs' claims against Defendants John/Jane Doe (Delaware State Police), John/Jane Doe (Delaware Department of Correction Officer Cert Team), Phelps, and Pierce be dismissed without prejudice for lack of personal jurisdiction, and the Court further finds that Plaintiffs' claims against Defendants Carney and DeMatteis should be dismissed without prejudice for lack of personal jurisdiction as well.

In finding that Plaintiffs' Objections do not undermine the R&R's recommended disposition, the Court also agrees with Judge Eddy's conclusion that, even if the Court were to find that it has personal jurisdiction over Delaware Defendants here, Plaintiffs' claims in the Amended Complaint against Delaware Defendants are time-barred. (Docket No. 96 at 2, 7-11, 14). The Court agrees that Plaintiff's Section 1983 claims all are subject to a two-year statute of

limitations (under both Pennsylvania and Delaware law), and that since Plaintiffs commenced this action on November 3, 2021, then any claims that accrued prior to November 3, 2109, are time-barred.  (*Id.* at 7-8).   The Court also agrees that the claims in the Amended Complaint against Defendants John/Jane Doe (Delaware State Police) and John/Jane Doe (Delaware Department of Correction Officer Cert Team) accrued by February 4, 2017, which is the date of the last possible alleged contact between such Defendants and Plaintiffs at the end of the prison riot.  (*Id.* at 9).   The Court further agrees that the claims in the Amended Complaint against Defendants Carney, DeMatteis, Phelps, and Pierce accrued by April 3, 2019 (as to Plaintiff Mathis), and by June 28, 2019 (as to Plaintiff Michaels), which are the dates when each Plaintiff was transferred to the Pennsylvania Department of Corrections.  (*Id.* at 8-10).

Furthermore, the Court agrees with Judge Eddy's recommendation that the statute of limitations should not be tolled as to Plaintiffs' claims against Delaware Defendants.  (Docket No. 96 at 7-11).   First, as Judge Eddy noted, Plaintiffs did not previously allege any applicable tolling principles (Docket No. 96 at 9-11).   Second, in support of Plaintiffs' argument that equitable tolling should apply to their claims here because of interference with their mail, Plaintiffs specifically state in their Objections that it was "Pennsylvania Prison Officials," not Delaware Defendants, who allegedly interfered with Plaintiffs' mail:  "[T]he Pennsylvania Prison Officials were in total care, custody, and control of the Plaintiffs' incoming and outgoing mail."  (Docket No. 103 at 2).   Despite Plaintiffs' argument to the contrary on this issue, alleged interference by Pennsylvania Prison Officials cannot toll the statute of limitations of claims against Delaware Defendants based on a "continuing violation" because "a 'continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.'"  (Docket No. 96 at 10 (quoting *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)) (additional internal quotation marks and citation

omitted)).  The Court agrees with Judge Eddy that Delaware Defendants are not alleged in the
Amended Complaint to have committed affirmative acts after the relevant dates noted, *supra*, and
that although Plaintiffs argue that they continued to feel the effects of the alleged violations
because of remaining in restricted housing within the Pennsylvania Department of Corrections,
such effects do not toll the applicable statute of limitations where the last affirmative acts giving
rise to a cause of action are outside of the applicable limitations period.  (*Id.* at 11).

Finally, the Court finds that the affidavits and the docket sheet from a separate litigation
that are attached to Plaintiffs' Objections do not support their equitable tolling argument.  (Docket
Nos. 103-1, 103-2).  The first two affidavits, from former inmates of SCI Greene (a correctional
facility in Pennsylvania), allege that interference with mail was a "common and normal routine"
and a "pattern, practice and custom," which provides no support for Plaintiffs' allegation that
Delaware Defendants played a role in interfering with mail at the Pennsylvania facility.  (Docket
No. 103-1 at 2, 3).  The third affidavit, from Plaintiff Michaels, states that "Prison Official at SCI
-Smithfield on or around September 19, 2019 sabotaged my timely filing against the Delaware
Defendants."  (*Id.* at 4).  The attached docket sheet from another case, however, shows the "Return
of Undeliverable Mail" on September 30, 2019, and October 24, 2019, and that after Plaintiff
Michaels' address was updated on October 24, 2019, there is no further indication of mail being
returned.  (Docket No. 103-2 at 3).  Thus, even if the Court were to assume that outgoing mail was
impacted in the present case during that same time period, and that Delaware Defendants were
somehow responsible for the mail problem, such alleged interference would only toll the statute
of limitations for 35 days (between September 19, 2019, when the Complaint's filing was allegedly
sabotaged, and October 24, 2019, when any mail receipt issues were resolved).  Since, as set forth,
*supra*, according to the allegations in the Amended Complaint, Plaintiffs were required to bring

their claims by April 3, 2021 (as to Plaintiff Mathis) and June 28, 2021 (as to Plaintiff Michaels) against Defendants Carney, DeMatteis, Phelps, and Pierce, and by February 4, 2019 against Defendants John/Jane Doe (Delaware State Police) and John/Jane Doe (Delaware Department of Correction Officer Cert Team), and since Plaintiffs commenced this action on November 3, 2021, an additional 35 days would not alter the conclusion that such claims should be dismissed for failure to meet the statute of limitations.

However, the Court notes that Plaintiffs argue in their Objections (and that they argued previously in response to Delaware Defendants' motion to dismiss) that Delaware Defendants made contact with Pennsylvania Defendants and interfered with Plaintiffs' incarceration after Plaintiffs were transferred to Pennsylvania, but such allegations are not included in the Amended Complaint. Because such actions could possibly be relevant to issues of personal jurisdiction and the running of the statute of limitations here, the Court finds that amendment of the Amended Complaint would not necessarily be futile, and that dismissal of the Amended Complaint without prejudice is appropriate at this juncture. (Docket No. 96 at 14). *See Grayson v. Mayview State. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, Delaware Defendants' motion to dismiss will be granted, and Plaintiffs' claims in the Amended Complaint against Delaware Defendants will be dismissed without prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2), and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of March, 2023,

IT IS HEREBY ORDERED that the R&R (Docket No. 96) is ACCEPTED AND ADOPTED as the Opinion of the Court, and Delaware Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 66) is GRANTED, with the MODIFICATION that Plaintiffs' claims in the Amended Complaint against Delaware Defendants are DISMISSED WITHOUT PREJUDICE to amendment of the Amended Complaint, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that:

1. If Plaintiffs choose to file a Second Amended Complaint,[4] then they shall do so by **April 10, 2023**, in which case Delaware Defendants shall file their response thereto by **May 10, 2023**.

2. If Plaintiffs do not file a Second Amended Complaint by **April 10, 2023**, then the claims against Delaware Defendants in the Amended Complaint will be dismissed with prejudice.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:      All counsel of record
             Janiis Mathis (via U.S. Mail)
             Lawrence Michaels (via U.S. Mail)

---

[4]      As set forth in the Court's Memorandum Order separately addressing the partial motion to dismiss (Docket No. 69) filed by Pennsylvania Defendants in this matter, if Plaintiffs wish to reassert claims against Pennsylvania Defendants in a Second Amended Complaint, they may only reassert their claims against Pennsylvania Defendants under the Eighth Amendment and the Fourteenth Amendment procedural due process clause, as Plaintiffs' other claims against Pennsylvania Defendants have been dismissed with prejudice. (*See* Docket No. 109).