IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIIS MATHIS *and* LAWRENCE MICHAELS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN D. WETZEL, *Pennsylvania Department of Corrections Secretary*; MICHAEL ZAKEN, *Facility Manager*; STEPHEN BUZAS, *Deputy of Facility Management*; MARK DELLESANDRO, *Unit Manager of the IMU*; *and* COULEHAN,<br><br>　　　　Defendants. | Civil Action No. 21-1573<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Christopher B. Brown |

## MEMORANDUM ORDER

This matter comes before the Court upon the objections (Docket No. 149) filed by *pro se* Plaintiff Lawrence Michaels ("Plaintiff Michaels") to the Report and Recommendation (Docket No. 148, "R&R"), entered by Magistrate Judge Christopher B. Brown on October 10, 2024. The R&R recommends that the Court grant the Motion for Summary Judgment (Docket No. 144) filed by Defendants Pennsylvania Department of Corrections Secretary John D. Wetzel, SCI-Greene Facility Manager Michael Zaken, SCI-Greene Deputy of Facility Management Stephen Buzas, SCI-Greene Unit Manager Mark Dellesandro, and Coulehan (collectively, "Defendants"). (Docket No. 148 at 2, 12). Defendants move for summary judgment on the claims lodged against them by *pro se* Plaintiff Janiis Mathis ("Plaintiff Mathis") and Plaintiff Michaels (collectively, "Plaintiffs") arguing, in part, that Plaintiffs failed to exhaust their administrative remedies. (*See* Docket No. 145 at 3-6). Despite the Court having entered a briefing order that clearly scheduled dates for filing motions for summary judgment and responses, and having subsequently granted two

1

extensions of time in this regard, (Docket Nos. 139, 141, 143), Plaintiffs did not file any responses to Defendants' motion.

The R&R, recommending that Defendants' summary judgment motion be granted, was served on Plaintiffs by mail, and Defendants were served electronically via CM/ECF. (Docket No. 148 at 12). The parties were informed that any objections to the R&R were due by October 29, 2024. (*Id.* and Docket text entry). Thereafter, Plaintiff Michaels filed a response to the R&R, which the Court construes as properly filed objections to the R&R, on November 1, 2024. (Docket No. 149, hereinafter, "response" or "objections"), but Plaintiff Mathis did not file any response or objections to the R&R.[1]

Plaintiffs' objections, entitled "Response To Report And Recommendation on ECF No. 144," were clearly identified as being responsive to the R&R presently under consideration. (Docket No. 149). However, in those objections, Plaintiffs do not address the substance of that R&R, which recommends that Defendants' summary judgment motion be granted because Plaintiffs failed to exhaust their administrative remedies. Instead, Plaintiffs' objections appear to oppose an argument regarding personal jurisdiction.[2] (*Id.* at 2). Plaintiffs also therein briefly summarize their claim. (*Id.* at 2-3). Plaintiffs do not, however, address in their objections the recommendation made in the R&R that Defendants' summary judgment motion should be granted

---

[1] Like the objections that Plaintiff Michaels filed in response to a previously adopted R&R in this case (Docket Nos. 100, 103), the objections to the R&R presently under consideration are signed only by Plaintiff Michaels and not by Plaintiff Mathis. (Docket No. 149). Also, like those previously filed objections, the present objections refer sometimes to "Plaintiff's" and sometimes to "Plaintiffs," and Plaintiff Mathis once again has not filed objections separately. (*Id.*). Therefore, construing the present objections in a light most favorable to both Plaintiffs, the Court is considering such objections to have been filed on behalf of both Plaintiffs, similar to the way in which the Court treated the previously filed objections.

[2] The Court notes that the issue of personal jurisdiction was raised on a motion to dismiss that was previously ruled upon in this case. (Docket Nos. 66, 96, 110).

for failure to exhaust administrative remedies. Nevertheless, Plaintiffs conclude in their objections that the Court should permit this case to move forward. (*Id.* at 3).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R (Docket No. 148), Plaintiffs' response/objections to the R&R, Defendants' motion for summary judgment and supporting materials, as well as the entire record in this matter, the Court concludes that Plaintiffs' objections do not undermine the R&R's recommended disposition.

In so finding, the Court agrees with Judge Brown's recommendation that Defendants are entitled to summary judgment on Plaintiffs' claims because Plaintiffs have not exhausted their administrative remedies, as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), in accordance with the Pennsylvania Department of Corrections "Inmate Grievance System." (Docket No. 148 at 6-12). The Court agrees with Judge Brown's conclusion that Plaintiff Michaels failed to exhaust his administrative remedies since he never appealed his grievance related to his status in the Restricted Housing Unit to final review by the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (*Id.* at 9-10). The Court also agrees with Judge Brown's conclusion that Plaintiff Mathis failed to exhaust his administrative remedies since, of the grievances that Plaintiff Mathis filed, the only grievance related to his housing or custody status that he appealed to a SOIGA response, was dismissed because Plaintiff Mathis failed to attach all the necessary paperwork. (*Id.* at 10-11).

3

For these reasons, Defendants' Motion for Summary Judgment will be granted based on Plaintiffs' failure to exhaust their administrative remedies.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 11th day of February, 2025,

IT IS HEREBY ORDERED that Plaintiffs' objections to the Report and Recommendation ("R&R") are OVERRULED, and the R&R (Docket No. 148) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED THAT, for the reasons set forth in the R&R, Defendants' Motion for Summary Judgment (Docket No. 144) is GRANTED.  Accordingly, summary judgment is granted in favor of Defendants as to the remaining claims against them in this matter.

The Clerk of Court shall mark this case closed.

>                                                                              */s/ W. Scott Hardy*
>                                                                              W. Scott Hardy
>                                                                              United States District Judge

cc/ecf:       All counsel of record
              Janiis Mathis (via U.S. Mail)
              Lawrence Michaels (via U.S. Mail)